UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SHAUN M. KOONTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 3:24-cv-3140-JEH |
| | ) |
| | ) |
| STEVEN KOTTEMAN and | ) |
| STEFANIE HOWARD, | ) |
| | ) |
| Defendants. | ) |

**Order**

This cause is before the Court on Defendant Dr. Steven Kotteman's motion for sanctions.

Federal Rule of Civil Procedure 41(b) provides, in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *Id.* The United States Court of Appeals for the Seventh Circuit has explained that "Rule 41(b) serves not only to protect defendants but also to aid courts in keeping administrative control over their own dockets and to deter other litigants from engaging in similar dilatory behavior. The rule is an expression of an inherent power . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *3 Penny Theater Corp. v. Plitt Theaters, Inc.*, 812 F.2d 337, 340 (7th Cir. 1987) (internal quotations omitted).

In addition, Rule 16(f) authorizes the Court to sanction a party who "fails to obey a scheduling or other pretrial order." Fed. R. Civ. Pro. 16(f)(1)(C). And, the

Rule further states that the Court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)," in the face of such noncompliance.

Finally, Federal Rule 37 authorizes a district court to dismiss a case for discovery violations or for bad faith conduct in litigation. *Greviskes v. Universities Research Ass'n, Inc.*, 417 F.3d 752, 759 (7th Cir. 2005) (citations omitted); *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011) (holding that a district court may dismiss a case pursuant to Federal Rule 37 when the court finds "willfulness, bad faith or fault on the part of the defaulting party."). A district court may also dismiss a cause under its inherent authority to manage its docket and an individual case. *Greviskes*, 417 F.3d at 759.

However, the sanction of dismissal must be "proportionate to the circumstances." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009). Dismissal under Federal Rule 37 is a high bar. *Ford v. Larson*, 2021 WL 3513592, * 1 (S.D. Ill. Aug. 10, 2021). Although "dismissal is a harsh sanction[,] the ability of a court to wield that authority is essential to the efficient management of heavy caseloads and the protection of all litigants." *Ashworth v. McNeely*, 2024 WL 1554842, * 3 (S.D. Ill. Apr. 10, 2024); *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 932 (7th Cir. 2018) ("There is no requirement to enter lesser sanctions before dismissing a case for lack of prosecution"); *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012) ("[J]udges do not abuse their discretion by declining to employ 'progressive discipline.'").

In the instant case, Plaintiff Shaun Koontz has failed to comply fully with his obligations to litigate this case that he filed. On April 29, 2025, the Court dismissed Plaintiff's claim against Defendant Stephanie Howard based upon Plaintiff's failure to comply with the Court's March 10, 2025 Order and based upon Plaintiff's failure to comply with his discovery obligations.

Now, Dr. Kotteman has moved for a dismissal of Plaintiff's claim against him. In his motion, Dr. Kottemen asserts that Plaintiff has not responded to his

discovery requests either. Moreover, Dr. Kotteman represents that he has not received Plaintiff's initial disclosures as ordered by the Court in the Scheduling Order and in the Court's March 10, 2025 Order. Finally, Dr. Kotteman notes that Plaintiff has not provided an updated telephone number as ordered by the Court in its March 10, 2025 Order.

Based upon the lack of any response to Defendants' motions and the Court's Orders, it is clear that Plaintiff has abandoned this case. The Court warned Plaintiff in its Scheduling Order and in its March 10, 2025 Order that the Court may sanction him and may dismiss this case if he failed to comply with his discovery obligations and with his obligations described in the Court's Scheduling Order. Nevertheless, Plaintiff has failed to make his initial disclosures, and he has failed to respond to Dr. Kotteman's discovery requests.

In addition, Plaintiff has failed to respond to Dr Kotteman's motion for sanctions, and the time for him to do so under the Court's Local Rule has passed. Therefore, the Court will dismiss this case pursuant to Federal Rule 16(f), Federal Rule 37(b), Federal Rule 41(b), and as a sanction for failing to comply with the Court's Orders.

**IT IS, THEREFORE, ORDERED:**

1. **Defendant Steven Kotteman's motion for sanctions [44] is GRANTED.**
2. **This case is DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b), Rule 16(f), Rule 37(b), and for failure to comply with this Court's Orders.**
3. **The Clerk of the Court is directed to enter judgment, with prejudice, pursuant to Federal Rule of Civil Procedure 58, in Defendants' favor and against Plaintiff.**

4. All other pending motions are DENIED AS MOOT, and all entries on the Court's calendar are VACATED.

5. If he wishes to appeal this judgment, Plaintiff must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(4).

6. If he wishes to proceed *in forma pauperis* on appeal, Plaintiff's motion for leave to appeal *in forma pauperis* must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective).

7. If he chooses to appeal, Plaintiff will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.

*It is so ordered.*

Entered: May 22, 2025

s/Jonathan E. Hawley

U.S. District Judge